UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARTURO SOLIS, Petitioner, v. WARDEN MATTOS, Respondent. | Case No. 2:26-cv-02389-MMD-BNW<br>ORDER |

## I. SUMMARY

Petitioner Arturo Solis commenced this action on August 3, 2026, with the filing of his petition for federal habeas corpus relief under 28 U.S.C. § 2241 and motion for a temporary restraining order. (ECF Nos. 7 ("Petition"), 4 ("Motion for TRO").) The Court entered a screening order and set a briefing schedule. (ECF No. 6.) Respondent opposed the Motion for TRO[1] and responded to the Petition.[2] (ECF Nos. 13-1, 16.) Solis replied to the Motion for TRO and the Petition.[3] (ECF Nos. 25, 26, 33, 35.) Before the Court are also Solis's motions for copies of the case docket and *ex parte* motion requesting that the

[1]Respondent filed an opposition but requests to file an amended opposition due to typographical errors. (*See* ECF Nos. 11, 13.) The Court grants the request.

[2]Solis moves to set aside Respondent's opposition and response because they were not timely served. (ECF No. 24.) Respondent acknowledges that his opposition and response were inadvertently not mailed to Solis until several days after they were electronically filed but avers that setting aside the filings is unwarranted. (ECF No. 27.) Given that Solis filed amended replies following his receipt of Respondent's opposition and response, negating any prejudice to Solis, the Court declines to set aside Respondent's filings.

[3]Solis replied to the Motion for TRO and the Petition before receiving Respondent's opposition and response. (ECF Nos. 21, 22.) Solis then moved to amend his replies. (ECF Nos. 25, 26, 33, 35.) The Court grants the motions to amend and has considered Solis's amended replies.

Court liberally construe his pleadings and prohibit Respondent from moving him to a different district. (ECF Nos. 10, 28, 29.)

## II. BACKGROUND

A federal court convicted Solis of two counts of possession of an unregistered destruction device and one count of felon in possession of a firearm. (ECF No. 4-1 at 4.) Solis was sentenced to 137 months in prison plus 3 years of supervised release. (*Id.*) Solis appears to have served part of his prison sentence at USP Coleman before being transferred to the Las Vegas Community Correction Center, a federal halfway house, on March 24, 2026. (*Id.*) On June 30, 2026, at the Las Vegas Community Correction Center, Solis was found "unresponsive on the bathroom floor" with "various drug paraphrenia and white tissue paper in the stall."[4] (*Id.*) On July 1, 2026, the United States Marshal's service transferred Solis to Nevada Southern Detention Center, "pending disciplinary action and/or determination of future removal" due to his "[u]se of drugs." (*Id*. at 2–3.) It appears that Solis's projected release date is October 29, 2026. (*Id*. at 5.)

## III. DISCUSSION

Solis contends that the Federal Bureau of Prisons (BOP) denied him due process when it improperly moved him to Nevada Southern Detention Center.[5]

---

[4]Solis disputes that he was under the influence of drugs and explains that fainted due to his high blood pressure.

[5]Notably, "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997–98 (9th Cir. 2004). "After a district court sentences a federal offender, the Attorney General, through the [BOP], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Thus, questions concerning the execution of a sentence should be presented to the BOP in the first instance, and only after exhausting his or her administrative remedies may a petitioner seek review of the BOP's decision under § 2241. *See id*. It does not appear that Solis has exhausted his administrative remedies; however, because the Court lacks jurisdiction over this matter for the reasons discussed below, the Court does not dwell on this exhaustion issue.

An individual sentenced to a period of federal imprisonment is committed to the custody of the BOP, and the BOP has discretionary authority both in determining the individual's initial placement and in directing the transfer of the prisoner from one penal or correctional facility to another. 18 U.S.C. § 3621(a), (b). "Notwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621] is not reviewable by any court." *Id*. Accordingly, federal courts lack jurisdiction to review the BOP's discretionary, individualized determinations made under 18 U.S.C. § 3621. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011).

Here, Solis challenges the BOP's discretionary decision to transfer him from the Las Vegas Community Correction Center to Nevada Southern Detention Center. Despite Solis's contention that he was not under the influence of drugs, meaning the BOP lacked a basis to transfer him, Solis fails to demonstrate that the BOP's actions were contrary to established federal law, violated the United States Constitution, or exceeded its statutory authority. Indeed, the Fifth Amendment's Due Process Clause does not confer any right upon an inmate to any particular custody or security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification] . . . and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *see also Swarthout v. Cooke*, 562 U.S. 216 (2011). The fact that Solis was moved from a halfway house to a high security facility does not change this assessment. *See Osorio-Calderon v. Warden, FCI Sandstone*, 179 F.4th 1158, 1163 (8th Cir. 2026) ("Residential reentry centers and home confinement are forms of prerelease custody that constitute places of imprisonment.") Consequently, because Solis's Petition and Motion only challenge the BOP's discretionary decision under 18 U.S.C. § 3621(b) and because this Court lacks jurisdiction to review such a discretionary decision, the Court dismisses this matter.[6]

[6]Solis relies on *Morrissey* to argue that his due process rights were violated. Under *Morrissey* and its progeny, a federal probationer or parolee is entitled to the guarantees of due process when his or her probation or parole is being revoked. *See Morrissey v.*

Because this Court lacks jurisdiction over this matter, it denies the Motion for TRO and motion for a standing order, but it will grant Solis's requests for copies of the docket sheet.

## IV. CONCLUSION

It is therefore ordered that the Petition (ECF No. 7) is dismissed based on a lack of jurisdiction. A certificate of appealability is denied as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Motion for TRO, *ex parte* motion for a standing order, and motion to set aside Respondent's response (ECF Nos. 4, 10, 24) are denied.

It is further ordered that Respondent's motion to file an amended opposition (ECF No. 13) is granted. Respondent's amended opposition (ECF No. 13-1) is considered properly filed.

It is further ordered that Solis's motions to supplement his replies and motions for copies of the docket sheet (ECF Nos. 25, 26, 28, 29, 33, 35) are granted.

It is further ordered that Solis's motion to expedite consideration of the Motion for TRO (ECF No. 36) is denied as moot.

///

///

///

---

*Brewer*, 408 U.S. 471, 489 (1972) (holding that parolees are entitled to the following due process requirements before their parole is revoked: notice and opportunity for the parolee to be heard and to present evidence, the right to confront and cross-examine witnesses, a neutral and detached hearing body, and a written statement by the fact finders discussing the evidence relied upon and reasons for revoking parole); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (perceiving no "difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation" because "[p]robation revocation . . . does result in a loss of liberty," meaning "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey*"). Because Solis was not on probation or parole when he was moved to Nevada Southern Detention Center, *Morrissey* is inapplicable.

It is further kindly ordered that the Clerk of the Court (1) send Solis a copy of the docket sheet, (2) enter judgment, and (3) close this case.

DATED THIS 19th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE